UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSE MARIE ROBINSON,

    Plaintiff,

v.

                                Case No. 18-13926
                                Honorable Victoria A. Roberts

THE HOME DEPOT, USA, INC.,

    Defendant.
_____/

**<u>ORDER: (1) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 27]; and (2) DISMISSING THE CASE</u>**

### I. INTRODUCTION

The Home Depot, USA, Inc. seeks summary judgment in this premises liability suit. Plaintiff Rose Marie Robinson ("Robinson") and her friend, Fred Homan, went to a local Home Depot store ("HD") in search of paint and roller covers. Robinson walked to the paint aisle and after searching found the roller covers on the bottom of a display shelf. She alleges she reached down for the covers and something struck her, causing injury to her neck, shoulder, back, a closed head injury, neurological injury, and/or various other disabling injuries.

Robinson's complaint states that she was struck by a large and heavy piece of shelving/display and/or metal pipe that was affixed to the shelving rack in the paint department. [ECF No. 1-1 Exhibit A pg. 103].

Oral argument was heard on June 25, 2020.

Robinson filed this claim as a general negligence one but conceded during oral argument that her claim sounds in premises liability. HD says Robinson fails to "proffer evidence sufficient to demonstrate a question of fact regarding defendant's actual or constructive notice of the hazardous condition…" *Lowrey v. LMPS & LMPJ, Inc.*, 500 Mich. 1, 11; 890 N.W.2d 344, 350 (2016). HD contends that Robinson fails to identify what actually struck her, fails to establish that HD had notice of this hazard, and that if accepting Robinson's assertion that a display rack struck her, a finding of liability against it is barred by the open and obvious danger doctrine.

Robinson is a Michigan resident, HD maintains its headquarters in Atlanta, Georgia and is incorporated in Delaware. The case between the two parties invokes this Court's diversity jurisdiction. "In diversity cases such as this, we apply state law in accordance with the controlling decisions of the state supreme court." *DeBusscher v. Sam's E., Inc.*, 505 F.3d 475, 479 (6th Cir. 2007) (Quoting *Allstate Ins. Co. v. Thrifty Rent–A–Car Sys., Inc.*, 249 F.3d 450, 454 (6th Cir.2001)).

For the reasons that follow, the Court **GRANTS** HD's motion for summary judgment.

## II. Summary Judgment

Under Federal Rule of Civil Procedure 56(a), "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The movant bears the initial burden to inform the Court of the basis for its motion; it must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies its burden, the non-moving party must set forth specific facts showing a genuine issue for trial. *Id.* at 324. Unsupported, conclusory statements are insufficient to establish a factual dispute to defeat summary judgment, as is the "mere existence of a scintilla of evidence in support of the [non-movant's] position"; the evidence must be such that a reasonable jury could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Alexander v. CareSource*, 576 F.3d 551, 560 (6th Cir. 2009).

In deciding a summary judgment motion, the Court "views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir.

2000). The Court need only consider the cited materials, but it may consider other evidence in the record. Fed. R. Civ. P. 56(c)(3). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 249.

### III. Analysis

In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) plaintiff suffered damages. *Benton v. Dart Properties, Inc.*, 715 N.W.2d 335, 338 (Mich. App. 2006).

The Supreme Court of Michigan established a standard for plaintiffs wishing to succeed in premises liability cases. In *Riddle*, the Supreme Court stated, "In order to successfully advance such a claim, an invitee must show that the premises owner breached its duty to the invitee and that the breach constituted the proximate cause of damages suffered by the invitee." *Riddle v. McLouth Steel Prod. Corp.*, 440 Mich. 85, 96, 485 N.W.2d 676 (1992).

Robinson alleges that HD breached its duty to her as an invitee because it had notice of the condition that led to her injury and failed to fix it or warn her of the danger. In opposition, HD makes two arguments. First, HD

4

argues Robinson failed to present any evidence that demonstrates HD was on notice, actual or constructive, of a condition that caused her harm. Second, HD argues that if the Court believes Robinson's alternative assertion that a duct tape display rack struck her, the condition was an open and obvious danger.

There is no doubt that HD owed Robinson, its invitee, a duty of reasonable care to protect her from an unreasonable risk of harm caused by a dangerous condition on its premises. *Lugo v. Ameritech Corp., Inc.*, 464 Mich. 512, 516, 629 N.W.2d 384 (2001).

## A. Plaintiff fails to provide evidence that Defendant had actual or constructive notice.

The Supreme Court of Michigan established "[a] premises owner breaches its duty of care when it 'knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect.'" *Hoffner v. Lanctoe*, 492 Mich. 450, 460, 821 N.W.2d 88 (2012). The key element for establishing breach of a premises owner's duty of care is notice, whether it be actual or constructive. Home Depot argues that Robinson failed to sufficiently provide evidence establishing the notice element of her claim. Robinson contends that HD had constructive notice of the danger.

5

Robinson makes different representations at different times concerning the danger she encountered while on HD's premises. There is the Complaint; an incident witness report; the office note from Robinson's doctor; and deposition testimony from Robinson. Her Complaint states a large and heavy piece of shelving/display and a metal pipe that was affixed to the shelving rack.

The incident report filed on the day of, states Robinson knocked the display rack. A HD employee notes the duct tape display that allegedly fell was preserved and still mounted on the shelving display. [ECF No. 27-2 Exhibit A].

The office note from Robinson's treating doctor, Dr. Shukr, says that Robinson was hit by a box of duct tape rather than a display holding duct tape. [ECF No. 27-5 Exhibit D]. Also, in her deposition, Robinson offered conflicting testimony about what exactly hit her on the day of the incident. When shown a display rack similar to the one reported to have hit her, Robinson denied that the display was the item that fell on her. [ECF No. 27-3 Exhibit B].

In her reply brief, Robinson alleges the object became dislodged from the display shelving and Homan, her friend, placed it back on the display. [ECF No. 31]. Robinson denies that she knocked the rack with her hood or

jacket causing it to fall down and strike her in the head, as she allegedly reported when the incident report was being prepared. [ECF No.31 Exhibit A pg. 115].

The Court agrees with Defendant: the failure of Robinson to definitively state what struck her is fatal to her claim. Robinson relies on *Albro*, which states, "[a]lthough there is no direct or "absolute" testimony as to who spilled the coffee, the elements in a negligence action may be proved by circumstantial evidence."*Albro v. Total Petroleum, Inc.*, 310 N.W.2d 252, 254 (Mich. App. 1981). However, Robinson's claim does not have facts comparable to those in *Albro*. There, the plaintiff provided evidence that demonstrated exactly what the hazard was – coffee - which was exclusively for employees of the defendant. At the time plaintiff slipped and fell, defendant employees were most likely the only people in the building. *Id.* So, while the plaintiff in *Albro* did not directly establish whether there was notice that the hazard existed on the premises, she did present sufficient evidence to create a genuine issue of material fact as to whether an employee created the hazard. *Id.*

Robinson offered conflicting testimony and leaves both this Court and HD unable to determine what exactly struck her at HD's premises. This is

7

insufficient to establish that HD had actual or constructive notice of the condition on its premises.

Even if the Court accepted one of Robinson's fact patterns as true, she, still fails to present facts to establish that HD had notice of the danger presented by the display rack.

Robinson correctly states that a Plaintiff need not present specific evidence demonstrating how long the condition existed or any characteristics of the condition which would put the defendant on notice. The Michigan Court of Appeals clarified in *Thompson v. Gibson* that the *Lowrey* court did not require a plaintiff to provide specific proof of constructive notice. *Thompson v. Gibson*, 333755, 2018 WL 3551568, at *5 (Mich. App. July 24, 2018), appeal denied, 923 N.W.2d 277 (Mich. 2019). In *Thompson* the court stated, "it was the *Lowrey* plaintiff's failure to present any evidence regarding when the dangerous condition arose that was significant." *Id.* In *Thompson*, the plaintiff provided evidence about the character of the defect, including photographs showing wear and tear on the railing in question and an affidavit establishing the railing had no visible nails. *Id.* at *4. The defendant's testimony also acknowledged the period of time she owned the premises and her failure to perform repairs on the railing. *Id.* The *Thompson* court held that the plaintiff sufficiently created a genuine material issue of fact for the

8

jury to determine whether the defendant had constructive notice of the condition in question. *Id.* at *5.

Robinson only alleges that HD maintained exclusive control over the display rack and that its control alone creates a genuine issue of fact as to whether HD knew or should have known about the hazardous condition. Unlike the plaintiff in *Thompson*, Robinson has not provided evidence that would demonstrate the condition of the defect or allow a trier of fact to determine whether the defect was a new defect or one that had existed for a long period. In this way, Robinson's claim is similar to that of the plaintiff in *Lowery*; she fails to present any evidence that would demonstrate HD had notice. *Lowrey v. LMPS & LMPJ*, Inc., 890 N.W.2d 344, 350.

The Supreme Court of Michigan in *Lowrey* stated, "defendant was not required to present proof that it lacked notice of the hazardous condition but needed only to show that plaintiff presented insufficient proof to establish the notice element of her claim." *Id.* at 346.

Robinson has presented insufficient proof to establish the notice element of her claim.

### B. The hazardous condition is not an Open and Obvious Danger

The standard for determining whether a danger on the premises of an invitor is open and obvious is an objective one. Courts are required to

9

determine whether a danger is open and obvious by considering "whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection. *Freeman v. Kmart Corp.*, 331224, 2017 WL 2463407, at *2 (Mich. App. June 6, 2017) (Quoting *Hoffner v. Lanctoe*, 492 Mich 450, 460-61 (2012)).

However, as stated above, Robinson has not sufficiently proved the condition that caused her injury. The Michigan Supreme Court held that assumptions made by a plaintiff about the condition that caused the danger do not support any particular conclusion concerning the character of the condition. *See Lowrey,* 890 N.W.2d at 351 (Finding that the plaintiff's assumption that the stairs must have been wet because her pants were wet after her fall does not support any particular conclusion concerning the character of the condition.).

Robinson assumes there must have been a defect that caused the display rack to fail. But she fails to present evidence that would allow this Court to infer or conclude what that defect might have been. Without evidence of what the condition was that created the danger this Court is unable to say there is a factual issue for a jury to decide.

10

## IV.   Conclusion

HD sufficiently demonstrates the absence of a genuine issue of material fact on the issue of notice. Defendant's motion for summary judgment is **GRANTED**.

The case is **DISMISSED**.

**ORDERED**.

s/ Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated: 7/7/2020